FLOYD v. FLOYD.

1.  EXCEPTIONS in this case which raise the question of the exclusion of testimony are too general for consideration by this court.

2.  PRACTICE—MASTER.—It is the proper practice for the master to put testimony ruled out by him on separate sheets, and that such testimony be set out in the "Case."

3. TESTIMONY—EQUITABLE DEFENCE.—The testimony in this case does not support the equitable defence set up, and the judgment for the plaintiff is proper.

4. EXCEPTION.—A point not made and excepted to before the master or Circuit Judge comes too late in this court.

5. ANSWER—COUNTER-CLAIM.—If the answer in this case sets up a counter-claim, there was no demand, and no notice of such demand, for judgment as is contemplated by Code, sec. 175.

Before BENET, J., Spartanburg, August, 1895. Affirmed.

Action by Amanda Floyd against A. D. Floyd, for possession of a tract of land. Defendant claims by equitable title as purchaser. Judgment for plaintiff. Defendant appeals.

*Messrs. Nichols & Jones*, for appellant.

*Messrs. Bomar & Simpson*, contra.

March 12, 1896. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. The plaintiff brought this action to recover possession of certain real estate, about forty acres of land, alleged to be in the possession of the defendant, and of which he wrongfully withholds the possession from the plaintiff. In the complaint it is alleged that both plaintiff and defendant claim through a common source of title, one Jack Floyd, who, it is alleged, bought the land from one James Rogers.

The defendant, in his answer, admits that both parties claim through a common source, as alleged in the complaint; that the legal title to the land was in the said Jack Floyd at the time of his death, which descended to the plaintiff, as his only heir at law; but he claims that he has an equitable title, not only to the forty acres in his possession, but also to the remaining forty acres in the possession of the plaintiff, under a verbal contract with said Jack Floyd, made in his lifetime, of which he alleges that there was such a part performance as would take the case out of the statute of

frauds, and entitle him to a decree for specific performance. Wherefore he asks judgment: "*First*, that the complaint be dismissed with costs. *Second*, that the land described in the complaint be adjudged to be his in fee; and, if the legal title be found to be in the plaintiff, that she be required to execute to him, his heirs and assigns, a good and sufficient deed therefor. *Third*, for the costs of this proceeding, and for such other and further relief as to the court may seem just and right."

By consent, an order was granted, referring it to the master to hear and determine all the issues in this action, and that officer took the testimony, which is set out in the "Case," and made his report, holding that the legal title to the land was in the plaintiff, and that she was entitled to judgment for the possession thereof. He also held that, even admitting all of the testimony adduced for defendant, some of which he had ruled to be incompetent, the defendant had failed to establish the equitable title set up by him in his answer. To that report the defendant filed exceptions, two of which are as follows: "In finding that all the parol testimony submitted by defendant tending to establish his claim to the land was incompetent. In finding and reporting as a fact that, even admitting all the testimony produced for defendant, it does not sufficiently establish his claim, as set up, to any part of the land, thereby reporting as to a matter of fact on a hypothetical case not before him."

The case was heard by his honor, Judge Benet, upon this report and the exceptions, who rendered his decree confirming the report of the master, and rendered judgment in favor of the plaintiff. In his decree, Judge Benet uses this language: "The master was right in excluding the testimony excluded by him, but even if such testimony had been admitted, the result would be the same, because such testimony does not establish the defendant's right to any part of the land."

From this judgment defendant appeals upon the follow-

ing grounds: "1. In holding that the master was right in, excluding the testimony offered by the defendant which was excluded by him.   II. In holding that if such testimony had been admitted, it does not establish the defendant's right to any part of the land.   III. In holding that the title to the land is in the plaintiff, and that she is entitled to the immediate possession thereof from the defendant, with costs. IV. In holding that the defendant (evidently a mistake for plaintiff) was entitled to all the land in dispute.   V. In decreeing that the master's report be confirmed.   VI. In not holding that the defendant was entitled to at least the forty acres that he was in possession of, with costs.   VII. In giving plaintiff judgment against the defendant for costs."

Inasmuch as it is very clear, from the pleadings and the evidence, that the plaintiff holds the legal title to the land in dispute, she would, unquestionably, be entitled to recover, unless the defendant has made out his equitable defence. That depends entirely upon a question of fact, unless the exceptions raise a legal question as to the competency of the testimony, which was excluded both by the master and the Circuit Judge.   In the first place, the exceptions which are assumed to raise that question are too general to be considered by this court.   *Adler* v. *Cloud*, 42 S. C., at page 281; and in the second place, both the master and Circuit Judge have held that, even if the excluded testimony, which, according to the proper practice, was taken on a separate sheet, and set forth in the "Case," be considered as competent, still the defendant has failed to make out his defence.   So that, after all, it is a mere question of fact, and we think the concurrent finding of the master and Circuit Judge is fully supported by the testimony.   While we have carefully examined all this testimony, as well that which was held to be incompetent as that which was admitted, we do not think it would serve any useful purpose, to go into any detailed consideration of the evidence, as we are entirely satisfied with the conclusion reached by the Circuit Judge.

In the argument here, counsel for appellant have raised a point which was not presented to or considered either by the master or the Circuit Judge, and which, therefore, is not properly before this court, especially as that point is not raised by any of the exceptions, either to the report of the master or the judgment of the Circuit Court. The point referred to is that the defendant had set up a counter-claim, to which there was no reply, and hence the allegations of the answer must be excepted as true. While this point, as has been said, is not properly before us for consideration, and will not, therefore, be either considered or decided definitely, yet we may say that it is at least doubtful whether the answer does set up a counter-claim, and it is quite certain that if it did, there was no demand, and no notice of such demand, for judgment thereon, as is contemplated by sec. 175 of the Code. The judgment of this court is, that the judgment of the Circuit Court be affirmed.